**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LARRY HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00259-PLC |
| ) | |
| HOMEWOOD SUITES ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Larry Howard's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] and Motion for Appointment of Counsel [ECF No. 2]. For the reasons discussed below, the Court grants the former, denies the latter, and dismisses this case under 28 U.S.C. § 1915(e)(2)(B).

**I.    Application to Proceed Without Prepaying Fees or Costs**

In his Application to Proceed Without Prepaying Fees or Costs, Plaintiff states that he has no monthly income except for disability or worker's compensation payments. He further states that he has $967 in savings and $1,020 in monthly expenses. Having reviewed the Application and supporting financial information, the Court finds that Plaintiff is unable to pay the costs associated with this action. *See* 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants the Application and waives the filing fee.

**II.    Legal Standard on Initial Review**

Because the Court has granted Plaintiff's Application to Proceed Without Prepaying Fees or Costs, his Complaint [ECF No. 1] is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### III.    The Complaint

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 against Homewood Suites, alleging race- and sex-based employment discrimination. His handwritten complaint is difficult to interpret, but when read in conjunction with the Charge of Discrimination

he submitted to the Equal Employment Opportunity Commission [ECF No. 1-4], it reveals the following allegations.

Plaintiff began working for Homewood Suites in July of either 2023 or 2024.[1] He alleges that a fellow employee frequently referred to him as "boo-boo." He filed a complaint with Human Resources regarding the issue but never received a response. Plaintiff contends that Homewood retaliated against him by increasing his laundry workload in response to him filing the HR complaint.

In his Charge of Discrimination, he attributes the alleged discrimination solely to his sex. However, in his Complaint, he adds that an unspecified individual made racist remarks, and that Supervisor Jessica Perkins gestured with her middle finger and stated "f*** these honkies." It is unclear whether Perkins directed these expressions at Plaintiff. He states only that he "was a witness to this."[2]

**IV.   Analysis**

Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018) (cleaned up). To state a claim for discrimination under Title VII, a plaintiff must allege facts that, accepted as true, plausibly demonstrate: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of unlawful discrimination. *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016).

---

[1] According to the Complaint, Plaintiff began working for Homewood Suites in July of 2023. [ECF No. 1 at 5]. However, in his Charge of Discrimination, he writes: "I have been employed with [Homewood Suites] since July 2024." [ECF No. 1-4 at 1].

[2] Although Plaintiff did not check the box next to "Race" in his Complaint, he explicitly references race-based hiring practices. [ECF No. 1 at 4-5].

To state a Title VII retaliation claim, the plaintiff must allege facts to show: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the two. *Warren v. Kemp*, 79 F.4th 967, 973 (8th Cir. 2023), *cert. denied*, 144 S. Ct. 1010 (2024).

### A. Race Discrimination

Plaintiff alleges that he was the subject of race discrimination but he provides insufficient factual allegations to support that claim. He states only that Jessica Perkins—at some point between August 2023 and March or May 2024—made a gesture with her middle finger and said "f*** these honkies." Plaintiff does not specify whether these behaviors occurred at the same time or whether they were intended for him. He asserts only that he "was a witness to this."

Further, Plaintiff fails to identify his race in either the Complaint or the EEOC Charge. In fact, the Charge itself contains no reference to race-based discrimination. Title VII requires administrative exhaustion. *See Fanning v. Potter*, 614 F.3d 845, 851 (8th Cir. 2010) (explaining that to satisfy the exhaustion requirement, a civil claim must "grow out of or [be] like or reasonably related to" the allegations in the administrative charge). Therefore, even if Plaintiff provided sufficient factual allegations, he cannot now assert this claim in federal court. *Id.* Accordingly, the Court dismisses Plaintiff's race discrimination claim as both factually unsupported and procedurally barred.

### B. Sex Discrimination

Plaintiff also alleges sex-based discrimination, asserting that his supervisor called him "boo-boo" and increased his workload after he complained to HR. However, he does not provide facts tying this allegedly adverse conduct to his sex. Further, the mere fact that a colleague called him "boo-boo," while perhaps unprofessional, does not itself suggest discriminatory intent based

on sex. Without factual allegations connecting his sex to the alleged mistreatment, Plaintiff fails to state a plausible sex-discrimination claim.

### C. Retaliation

Similarly, Plaintiff's increased-workload allegation does not support a separate claim of retaliation. Even assuming an internal complaint constitutes a protected activity under Title VII, Plaintiff does not allege facts tying his increased workload to the HR complaint or demonstrating that the increased workload was a sufficiently material adverse action. *See Henthorn v. Capitol Commc'ns, Inc.*, 359 F.3d 1021, 1028 (8th Cir. 2004) ("Each action claimed to be retaliatory must be sufficiently adverse[.]"). He also fails to provide sufficient detail regarding the timing or scope of the alleged adverse action for the Court to infer a causal connection. Without more, Plaintiff's retaliation claim amounts to a conclusory allegation unsupported by facts.

## V. Conclusion

For the foregoing reasons, the Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and will waive the filing fee in this matter. Even so, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B) for failure to state a plausible claim to relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice. An appropriate order of dismissal will accompany this Memorandum and Order.

Dated this 9th day of June 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE